**156**

OLD REPUBLIC INSURANCE COMPA-
NY, Appellant-Defendant,

v.

Wylie BLANKENSHIP,
Appellee-Plaintiff.

Supreme Court of Tennessee.

Jan. 30, 1978.

Earl R. Layman, Knoxville, for appellant-defendant.

H. Calvin Walter, Knoxville, for appellee-plaintiff.

OPINION

HARBISON, Justice.

This is the second appeal of a workmen's compensation case in which the employee claims benefits for disability from coal worker's pneumoconiosis, T.C.A. § 50–1102.

Initially petitioner contended that he was automatically entitled to total permanent disability benefits under the Tennessee Workmen's Compensation Act because he had been awarded benefits from the Social Security Administration under the Federal Coal Mine Health and Safety Act of 1969. Both the Chancellor and this Court held that such an award was not binding or conclusive upon the state courts in determining entitlement to workmen's compensation under T.C.A. § 50–1102.

In its original opinion, the Court reversed and remanded for reconsideration, being unable to determine from the record whether the trial court had considered the criteria and standards set out in T.C.A. § 50–1102. Further, the record contained none of the medical evidence upon which the Social Security Administration had based its determination. *Blankenship v. Old Republic Ins. Co.*, 539 S.W.2d 23 (Tenn.1976).

Despite the fact that both parties were specifically accorded an opportunity to introduce further proof upon remand, the only additional evidence introduced consisted of some medical reports which had been used in the proceedings before the Social Security Administration. These records were introduced by agreement and were considered by the Chancellor. The employer offered no further medical testimony and relied upon that which it had submitted at the first trial.

Upon consideration of the entire record, including the original testimony of the employee, the Chancellor concluded that the

evidence justified an award of total permanent disability pursuant to and under the criteria and standards set out in T.C.A. § 50–1102. The employer offered evidence that the employee does not have pneumoconiosis and that his physical disability is due to other causes. On the other hand, the medical records from the Social Security proceedings indicate the contrary and contain findings that the employee in fact does have pneumoconiosis, although not advanced to the "complicated" stage. There is also material evidence to support the finding that the employee's lung condition significantly contributes to his inability to work.

 One of the assignments of error on behalf of the employer is that the Chancellor treated the presumptions provided in the federal statute and regulations as being irrebuttable. We do not find that this occurred. The previous opinion of this Court made clear that the Chancellor was free to make his determination independently of that made by the federal administrative agency, and based upon all of the evidence which the parties wished to submit to him. In making this determination, of course, the trial judge is free to consider the evidence which was before the federal agency, if offered before him by consent or in conformity with the rules of evidence. While not bound by the federal agency's conclusions, he is not prohibited from considering and evaluating the proof which was before it.

 The employer did not see fit to introduce any additional medical testimony, or even to submit the medical records from the Social Security Administration to its medical witness for examination and evaluation. In the last analysis, the Chancellor had before him in this case, as in so many compensation cases, conflicting medical evidence from which he had to make a determination. By statute he was required to use the same presumptions, standards and criteria as are used by the federal administrative agency in making its determination. It is clear from the record that he made his own independent evaluation of all of the

testimony before him. He decided that any permissible inferences or presumptions favorable to the employee were not rebutted by the employer's evidence and concluded that the employee was totally permanently disabled from coal worker's pneumoconiosis within the purview of T.C.A. § 50–1102. We find material evidence to support that determination and accordingly affirm his decree, at the cost of appellant.

The cause will be remanded to the trial court for the entry of such further orders as may from time to time be necessary and appropriate.

HENRY, C. J., and COOPER, FONES and BROCK, JJ., concur.